JOSIAH J. RUSSELL and Others, on Behalf of Themselves and All Other Residents or Property Owners in the Borough of Brooklyn, Kings County, New York, Similarly Situated, Appellants, *v.* NOSTRAND ATHLETIC CLUB, INC., Respondent.

Second Department, March 27, 1925.

**Nuisance — action to restrain defendant from maintaining and operating in night time open air arena for boxing exhibitions — arena is in residential section and seats 20,000 people — boxing conducted between professionals once each week — evidence shows that noise and lights attending exhibitions materially lessen enjoyment of life and property in vicinity — injunction granted.**

An athletic club will be restrained from maintaining and operating an open air arena in the night time for boxing exhibitions, where it appears that the arena is located in a residential section of the city and seats 20,000 people; that boxing exhibitions are conducted weekly between professional boxers and prize fighters; that during the exhibitions, which continue from eight-fifteen P. M. to eleven P. M., the outside of the arena is brilliantly illuminated and the lights are flashed on and off at frequent intervals; that thousands of spectators attend the exhibitions and are conveyed to the arena by automobiles, buses and street cars; that many hucksters and venders are present during the exhibitions crying their wares; and that throughout the exhibitions and while the crowds are departing from the arena there is much noise and confusion.

APPEAL by the plaintiffs, Josiah J. Russell and others, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Kings on the 19th day of August, 1924, upon the decision of the court rendered after a trial at the Kings Special Term.

*George W. Tucker* [*Orville C. Sanborn* with him on the brief], for the appellants.

*Abraham Lehman*, for the respondent.

Young, J.:

The action is brought for the benefit of about seventy-five residents and property owners on Sterling street, Lefferts avenue, Lincoln road, Maple street, Midwood street, Rutland road, Sullivan street, Nostrand avenue and Empire boulevard, and by the church corporation owning the St. Francis of Assisi Church premises on Nostrand avenue and Lincoln road.

The object of the suit is to enjoin the defendant, Nostrand Athletic Club, Inc., from maintaining and operating an open air arena for boxing exhibitions, known as " Henderson's Bowl." The arena is 466 feet by 200 feet in dimensions, occupying the entire block, bounded by Nostrand avenue, Sterling street, Clove road and Lefferts avenue, with a seating capacity of 20,000.

The complaint is that the arena is located in a high-class residential neighborhood, and that the operation thereof by the defendant, particularly in the night time, seriously injures the plaintiffs in their homes and materially lessens their enjoyment of life and property.

The learned justice at Special Term was of the opinion that while undoubtedly the boxing exhibitions brought crowds into the neighborhood, and that they produce noise, and that it would be much pleasanter not to live in the neighborhood, he did not think that the noise was such that it would interfere with an ordinary person sleeping, and that while the presence of the crowds and automobiles and shouts of the spectators might be unpleasant, even objectionable, he did not think the conditions shown were such as to justify a court of equity in interfering, and he consequently decided that the conditions existing did not constitute a nuisance, and denied injunctive relief.

The court found, however, at the request of plaintiffs, that the houses in the neighborhood were situated in a high-class residential district; that from spring to fall in 1924, fights or boxing exhibitions between professional pugilists were held in the arena at night between eight-fifteen P. M. and eleven P. M. at least once a week, which thousands of spectators attended, and that it was the intention of the defendant to hold such fights and exhibitions every spring, summer and fall at least once a week. It was further found that these exhibitions caused large crowds to come into plaintiffs' neighborhood as well as large numbers of automobiles which passed and were parked near plaintiffs' properties; that

numerous hucksters and venders were also present; that as many as 100 extra trolley cars were sent to the arena on fight nights to take away the crowds in attendance, and that additional subway service was also provided by the Interborough Rapid Transit Company; that large buses crowded with people passed through the neighborhood and the occupants shouted and blew horns and rang bells; that the outside of the arena was brilliantly illuminated, and that these lights were flashed on and off at frequent intervals while the fights were in progress.   As a result of all this, the learned trial court found that a condition undoubtedly existed which was objectionable and unpleasant to those living in this neighborhood who preferred peace and quiet.   But it was held, as already pointed out, that while conditions were unfortunate and objectionable to some, it did not constitute a nuisance.

It appeared that this section was zoned as a residential section, but that the defendant, prior to the erection of the arena, made application to the board of appeals and secured a variation in the use of the district so as to permit the exhibitions.   Defendant likewise secured a permit and license from the State Athletic Commission, authorizing boxing exhibitions and contests at the place in question.

The question presented by this appeal is whether the finding of the learned trial court that the conditions shown to exist did not constitute a nuisance is justified by the evidence produced. The appellants insist that the trial court was in error in so holding, and that under the evidence they are clearly entitled to a contrary finding.   The solution of this question depends upon whether the use of the premises is reasonable under the circumstances shown. A condition is a nuisance when it clearly appears that the enjoyment of life and property is materially lessened thereby and the physical comfort of persons in their homes is materially interfered with. (*McCarty* v. *Natural Carbonic Gas Co.*, 189 N. Y. 40.)   When this test is applied to the present case, it seems clear to me that the conditions shown do constitute a nuisance and that the plaintiffs are entitled to have these exhibitions or fights stopped, at least in the night time, and that is all that is now demanded according to the statement of appellants' counsel, made upon the argument.

When one considers the nature of this business conducted in close proximity to this residential neighborhood, the crowds assembling and dispersing late at night with all the noise that is usual in such cases, the hucksters crying in the streets, the men shouting through megaphones, inducing people to park their cars,

35

the hurried departure after the fights are over, when hundreds of automobiles get under way, snorting, tooting their horns, emitting smoke and gasoline fumes in the street, the large crowds surging in the streets with more or less profanity and shouting, the buses driving by and departing with partisans shouting, blowing horns and ringing bells, the extra trolley cars coming in and getting away with their passengers, the brilliant lights upon the arena, flashing on and off — all this is enough to convince me that defendant's use of its property is unreasonable and unjustly interferes with the peace and quiet and enjoyment which these property owners have long enjoyed and are entitled to. I can hardly imagine a situation more distressing and serious to the homes in this neighborhood than the condition undoubtedly existing when these fights take place.

In my opinion the judgment should be reversed upon the law and the facts, with costs, and judgment directed in favor of the plaintiffs, with costs, to the extent that the exhibitions complained of shall not be held at night.

KELLY, P. J., MANNING, KELBY and KAPPER, JJ., concur.

Judgment reversed upon the law and the facts, with costs, and judgment unanimously directed in favor of the plaintiffs, with costs, to the extent that the exhibitions complained of shall not be held at night. Findings of fact VI and XIII, and conclusions of law 1 and 2, are reversed upon the law and the facts. New findings will be made in accordance with opinion.