LOUISE DILLON, Appellant, *v.* THE CORTLAND BAKING COMPANY, Respondent.

Third Department, June 22, 1928.

*Lee & Carter* [*Glenn F. Carter* of counsel], for the appellant.

*Lusk, Buck & Ames* [*Clayton R. Lusk* of counsel], for the respondent.

HILL, J. Defendant conducts a large bakery in the business section of the city of Cortland. Plaintiff owns a dwelling adjacent. There are housekeeping apartments and a Y. M. C. A. dormitory in nearby buildings. This action is brought to enjoin the operation of some of defendant's machines as a nuisance, and for damages.

The case was heard without a jury. A motion to dismiss the complaint and for a nonsuit on the ground that plaintiff had failed to establish a cause of action, was granted at the close of plaintiff's case. A decision containing findings of fact and conclusions of law has been made and signed. Under the circumstances, this was not necessary. (Civ. Prac. Act, § 441.) If findings are made under such circumstances, defendant must show that there was no disputed question of fact which, upon a jury trial, the court would have submitted to the jury, and that upon the undisputed evidence he was entitled to judgment. (*Raabe* v. *Squier*, 148 N. Y. 81, 85; *Ring & Son* v. *Winola Worsted Yarn Co.*, 228 id. 127.)

Plaintiff conducted a boarding house. Many of the former boarders, several roomers at the Y. M. C. A. dormitory, also others

who lived or worked in the vicinity, testified as to noise and vibration. Defendant's plant was in operation during the night. The boarders said they were wakened at frequent intervals until three, four or five o'clock in the morning. The noise was described as " a roaring sound like a saw mill; " " a rumbling and penetrating noise, continuous except for an occasional intermission, which seemed to penetrate right through the plaintiff's rooms; " " a droning sound that was weird, louder than a buzz saw; " " as if a concrete mixer were working directly under the window of plaintiff's house; " " a motorcycle or air ship; " " a great heavy noise like a threshing machine; " " a gear that was out of repair, driving a heavy load." The last description was given by a man who said he heard it three and a half blocks away. Some of the boarders said they were compelled to leave plaintiff's dwelling and seek quarters elsewhere. Proof was given as to plaintiff's loss of business after this noise had continued for a time. She became ill because of the noise.

Such disturbances constitute a nuisance. (*Booth* v. *R.*, *W. & O. T. R. R. Co.*, 140 N. Y. 267, 277.) Noise of such character as to produce actual physical discomfort and annoyance to a person of ordinary sensibilities is a nuisance, even though it is caused by conducting a trade or business in a city. (29 Cyc. 1185; *Pritchard* v. *Edison Electric Illuminating Co.*, 92 App. Div. 178; affd., 179 N. Y. 364; *Campbell* v. *Seaman*, 63 id. 568; *Bohan* v. *Port Jervis G. L. Co.*, 122 id. 18; *Beir* v. *Cooke*, 37 Hun, 38; *Roscoe Lumber Co.* v. *Standard Silica Co.*, 62 App. Div. 421; *Baltimore & Potomac Railroad Co.* v. *Fifth Baptist Church*, 108 U. S. 317; *McKeon* v. *See*, 51 N. Y. 300; *Pach* v. *Geoffroy*, 67 Hun, 401; 21 Halsbury's Laws of England, 531.)

The source of some of the noise was the loading and operation of defendant's delivery trucks. This may constitute a nuisance. (Bouvier's Law Dictionary [Baldwin's ed.], 862, and cases there cited.)

In *Russell* v. *Nostrand Athletic Club, Inc.* (212 App. Div. 543; affd., with modification of the new findings made by the Appellate Division, 240 N. Y. 681) the defendant gave exhibitions between eight-fifteen and eleven P. M. and was restrained because of the noise incident to the gathering and dispersing of crowds, the shouting of hucksters and the starting of motors.

Defendant called two witnesses out of order, who swore they were not disturbed by the noise. The learned trial justice stated, at the end of plaintiff's case, that a cause of action had not been established as a matter of law, assuming all of plaintiff's proof to be true, granted a nonsuit and dismissed the complaint. Plaintiff

had established a cause of action, and the nonsuit and dismissal were improper. However, if this was a decision upon the merits, on account of defendant's two witnesses and the making of the decision, it was against the weight of evidence.

The judgment should be reversed upon the law and facts, and a new trial granted, with costs to the appellant to abide the event.

VAN KIRK, P. J., HINMAN, WHITMYER and HASBROUCK, JJ. concur.

Judgment reversed on the law and facts and new trial granted, with costs to the appellant to abide the event.