ANNA LEVINE, Appellant, *v.* HARRY CHARLOW and RAY CHARLOW, Respondents.

Third Department, June 22, 1938.

*Meyer A. Novick*, for the appellant.

*Morris M. Oppenheim*, for the respondents.

RHODES, J.   A discussion of the merits is unnecessary for the reason that the judgment must be reversed because of a procedural error hereinafter pointed out.

The action is in equity, the complaint alleging that plaintiff, " a simple, illiterate woman, advanced in years," was induced by representations of the defendant Harry Charlow to advance $2,000 for the purpose of purchasing the property involved pursuant to and in reliance upon the representation and agreement of such defendant that if plaintiff would advance the money for the payment, " he would take her in as a partner, to the extent of one undivided half interest in the premises; " that plaintiff advanced the money, but that defendant caused the title to be taken in the name of his wife, the defendant Ray Charlow, for the purpose of cheating and defrauding plaintiff of her interest therein.   Judgment is demanded that such deed be declared fraudulent; that it be decreed that plaintiff and Harry Charlow are the owners of the property, each to have an undivided interest therein; that plaintiff have an accounting of the rents and profits of the premises, with such other relief as may be proper.

The issues were framed for submission to a jury and a trial was commenced before the court and a jury.

Before plaintiff's side of the case had been completed the attorney for the defendants requested permission to call as a witness one Philip Slutsky, who claimed to have acted previously as attorney for plaintiff in the transaction in question.   He was examined and cross-examined at length, such examination extending over twenty-seven pages of the printed record herein.   The plaintiff then introduced further proof, and at the close of her case defendants, without closing their case or resting, moved to dismiss the complaint on the ground that plaintiff had failed to establish a cause of action.

The motion was granted and thereupon defendants presented a decision containing findings of fact and conclusions of law which was signed by the trial justice.   This decision recites that " the defendants having moved for a dismissal of the complaint at the end of the plaintiff's case   *   *   *   and the said motion having been granted and the jury discharged, the Court does hereby find and decide as follows: ".

It was not necessary for the court to make any findings of fact. (Civ. Prac. Act, § 441; *Dillon* v. *Cortland Baking Co.*, 224 App. Div. 303; *Kagan* v. *Avallone*, 243 id. 437; *Ring & Son* v. *Winola Worsted Yarn Co.*, 228 N. Y. 127.)

The difficulty confronting us, however, is not in the form of the decision, but in the fact that it purports to be a nonsuit and dismissal of plaintiff's complaint granted on the evidence offered in behalf of plaintiff at the close of her case, whereas the dismissal was not based solely on evidence in behalf of plaintiff produced by her before closing her side of the case. The defendants had not rested or closed their case but during the plaintiff's case defendants were granted permission to swear a witness out of order. At the close of the plaintiff's case the record contained evidence given on behalf of the defendants. A motion to dismiss the complaint was made and granted. Incident to this determination the trial court made findings of fact indicating consideration and acceptance of the evidence offered on behalf of the defendants. This made the matter a decision on the merits and not a dismissal on the law because of plaintiff's failure to prove a cause of action. The decision so made on the merits was made without affording plaintiff an opportunity to introduce evidence in rebuttal to disprove the testimony of the defendants' witness sworn out of order.

The judgment should be reversed on the law and a new trial granted, with costs to the appellant to abide the event.

HILL, P. J., CRAPSER, BLISS and HEFFERNAN, JJ., concur.

Judgment reversed on the law and new trial granted, with costs to the appellant to abide the event.

All findings of fact are reversed.