JENNIE LEVENTHAL, Respondent, v. THE SAVINGS BANK OF UTICA, Appellant.— Judgment and order affirmed, with costs. Memorandum: We reach the conclusion that a fair question of fact was presented whether the defendant property owner was negligent and whether injuries to the plaintiff Jennie Leventhal were due to her own contributory negligence. We cannot say that the jury verdict was against the weight of evidence. The testimony received over defendant's objection relating to the difficulty experienced in heating the upper apartment was of doubtful relevancy but we conclude its admission was not so prejudicial to defendant's rights as to warrant a reversal of the judgment and order and a new trial. All concur. (The judgment is for plaintiff in a negligence action. The order denies a motion for a new trial.) Present — Sears, P. J., Lewis, Cunningham, Taylor and Dowling, JJ.

JENNIE LEVENTHAL, as Administratrix, etc., of ABRAHAM LEVENTHAL, Deceased, Respondent, v. THE SAVINGS BANK OF UTICA, Appellant.— Judgment and order affirmed, with costs. See memorandum in companion case of *Leventhal* v. *Savings Bank of Utica* [*ante*, p. 1034], decided herewith. All concur. (The judgment is for plaintiff in a negligence action. The order denies a motion for a new trial.) Present — Sears, P. J., Lewis, Cunningham, Taylor and Dowling, JJ.

LIBBIE RUBEN, Respondent, v. BRIGHTON PLACE DAIRY COMPANY, INC., Appellant.— Judgment modified on the law and the facts by reducing the damages from $1,000 to $857 and as so modified affirmed, without costs of this appeal to either party. Certain findings of fact and conclusions of law disapproved and reversed and new findings and conclusions made. Memorandum: The fact that the defendant unreasonably conducted its business and operated its plant and thus caused unnecessary noise both by day and night, entitles the plaintiff to relief in this case. (*Russell* v. *Nostrand Athletic Club, Inc.*, 212 App. Div. 543; affd., 240 N. Y. 681; *Parkhurst* v. *Citizens Brewing Corp.*, 171 N. Y. Supp. 683; affd., 187 App. Div. 963; affd., 229 N. Y. 602; *Dillon* v. *Cortland Baking Co.*, 224 App. Div. 303.) When the plaintiff purchased her property a milk plant was operated upon the same premises where the defendant now conducts its business. Nevertheless, if the defendant so unreasonably conducts its business at the present time as to cause material injury to plaintiff's property, she may recover in this action. (*Bly* v. *Edison Electric Illuminating Co.*, 172 N. Y. 1, 10; *Baumann* v. *City of New York*, 227 id. 25, 30.) The plaintiff may recover damages for diminution of rentals for the six years prior to the commencement of the action. (*Bly* v. *Edison Electric Illuminating Co.*, *supra*, pp. 12 and 16.) All concur. (The judgment is for plaintiff in an injunction action.) Present — Sears, P. J., Lewis, Cunningham, Taylor and Dowling, JJ.