FREDERICK W. HORNE, Plaintiff, *v.* MT. VERNON DIE CASTING CORPORATION, Defendant.

Supreme Court, Special Term, Bronx County, August 24, 1943.

*Irving Markowitz* for plaintiff.

*Louis Susman* for defendant.

HOFSTADTER, J. With the consent of the parties, I visited the premises on two occasions, once at night and again in the daytime. On one of my visits, the factory was not in operation, and on the occasion of my second visit, it was in operation.

Based on the evidence, thus supplemented by personal inspection, which included a general survey of the immediate neighborhood, I find that the factory is lawfully there and is not operated negligently. And I am not persuaded that any of the conditions of which plaintiff complains now can be eliminated, or even mitigated substantially, by any device not already in use or reasonably feasible. Hence, so far as daytime operation is concerned, I do not regard the plaintiff as entitled to injunctive or other relief. Since the right of the plaintiff (and his tenants) to the use of his property, while no less, is no greater than the defendant's right to use its factory, neither right may be regarded as dominant.

Night operation, however, alters the problem. By common consent of mankind, night is given to quiet and repose. Without any doubt, I find that the quiet enjoyment of the plaintiff's property, at night, is interfered with by the operation of the factory. The emanations of noise — some of which is regular, some casual, some of an explosive character — and vibrations, constant and continuous, more especially as these affect the plaintiff's most easterly house, are a substantially disturbing and disruptive factor. It is unfortunate that the defendant saw fit to utilize the very last inch of its lot by building its westerly wall on 242nd Street, immediately contiguous to the easterly wall of plaintiff's house. To be sure, it had the legal right to do so, but it should not be permitted to escape the consequences thus arising. (The defendant's sense of utility seems to be overdeveloped. The back wall of its Pearl Street structure, too, is built right to the lot line and the windows in that wall are so constructed that when opened they extend over the property of the plaintiff. Unless checked, this practice might give rise to an easement by prescription. It will be enjoined. Again, the defendant made a rude opening in the westerly wall of its 242nd Street building directly to the rear of the 565 house of the plaintiff and immediately over the garden-yard pertaining to that house [this seems to have been done while this cause has been *sub judice* for I did not observe it on my first visit, and the breach in the wall bears internal evidence of being

very new]; through which opening fumes and gases are expelled by a huge fan located at that point. Such use will be enjoined. And though it constitutes a more general offense, it may be of interest to note that the defendant's windows, in the wall on 242nd Street, built right to the sidewalk line, obtrude upon the public domain when open.) In ordinary times, the right of the factory owner would have to yield then to the right of the occupants of the premises of the plaintiff to enjoy the peace and quiet of their homes at night, and I would unhesitatingly enjoin the operation of the factory between the hours of 8 P. M. and 8 A. M. But we are at war, and the factory in question is employed in war production. I am reluctant, therefore, to enjoin the defendant from the full and continuous use of the factory in such essential work, for the interest of the community intervenes and I deem it to be paramount and controlling.

However, it is not equitable that the full burden resulting from such public interest should fall exclusively on the plaintiff. It is a reasonable assumption that the defendant makes a fair profit from its war production. To the extent, therefore, that the defendant's night operations cause a diminution of the rental value of the plaintiff's property, it is just that the defendant should compensate the plaintiff for such loss so long as it engages in this work at night. Hence, the defendant will be enjoined from operating at night unless it pay to the plaintiff a monthly sum which will fairly and reasonably compensate him for rental diminution directly imputable to such operation; the amount awarded to be retroactive from the commencement of the action. When the defendant ceases to be engaged in war production, upon the termination of the war or sooner, it is absolutely enjoined from operating its factory at night; and the decree to be entered may provide accordingly for an amendment at the foot thereof when the occasion arises, the court retaining jurisdiction of the cause for that purpose.

I am clear that this disposition is within the competence of this court in the special circumstances here present. There are many cases in which injunctive relief has been denied and damages have been awarded for permanent injury to fee or rental value of property. Applying the principle of these authorities to the instant case, in which reparation for temporary and not permanent injury is envisaged, the method adopted would seem to be conducive to a correct solution of that problem. " * * * the plastic remedies of the chancery are moulded to the needs of justice." (*Foreman* v. *Foreman,* 251 N. Y. 237, 242.)

I recognize, of course, that the parties are entitled to adduce expert testimony on the subject of rental diminution, if they so wish. If it be desired by either party to have such evidence taken, please advise in writing and we shall proceed accordingly. But it may be that counsel will stipulate to dispense with further evidence or, perhaps, that it be furnished in affidavit form in lieu of oral proof. Such stipulation would be without prejudice and in no sense a waiver of any matter as to which either or both of the parties may deem themselves to be aggrieved, including the granting of any relief or the denial of that requested, and the amount which may be fixed.

If counsel mutually determine to stipulate as suggested, they may proceed to settle a decree upon filing the stipulation, and affidavits if provided for. In any event, findings and conclusions are dispensed with, as already sufficiently indicated in this memorandum.