GEORGE F. WEAVER SONS COMPANY, Plaintiff, *v.* STATE OF NEW YORK, Defendant.
(Claim No. 26262.)

Court of Claims, May 3, 1944.

*Nathaniel L. Goldstein, Attorney-General (James Austin* of counsel), for defendant.

*August Merrill* for claimant.

GREENBERG, J. The claim herein was filed by George F. Weaver Sons Company, a domestic corporation, by virtue of a purported assignment from one George F. Weaver.

In 1936 the State appropriated certain property belonging to said George F. Weaver, located in the city of Utica, county of Oneida. Chapter 953 of the Laws of 1941 was enacted (eff. May 1, 1941) conferring jurisdiction upon the Court of Claims to " hear, audit and determine the claim of George F. Weaver of Utica, New York, against the state for compensation and

damages due for the value of rights and easements on land owned by him * * * alleged to have been appropriated by the state for the use of the improved Erie canal ''. By deed dated May 25, 1941, George F. Weaver conveyed the parcel of land remaining after the appropriation referred to in the enabling act and assigned his claim against the State for damages by reason of said appropriation to the claimant.

Jurisdiction of this court to hear, audit and determine the claim for damages must be found within the language of the enabling act under which claimant has filed its claim (L. 1941, ch. 953). Said act does not, however, give to this claimant the right to file any claim for damages. It specifically confers jurisdiction on this court to hear, audit and determine the claim of George F. Weaver and makes no provision for any claim by any assignee. The court being without jurisdiction to hear, audit and determine the claim herein, the motion to dismiss made at the end of the claimant's case and renewed at the end of the trial must be granted.

Accordingly, it is not necessary to make any findings of fact. (Civ. Prac. Act, § 441; *Levine* v. *Charlow,* 254 App. Div. 416, 417; *Dillon* v. *Cortland Baking Co.,* 224 App. Div. 303; *Kagan* v. *Avallone,* 243 App. Div. 437; *Ring & Son* v. *Winola Worsted Yarn Co.,* 228 N. Y. 127.)