ALICE FRANK, Plaintiff, *v.* COSSITT CEMENT PRODUCTS, INC., Defendant.

Supreme Court, Trial Term, Madison County, April 1, 1950.

*Joe Schapiro* for plaintiff.

*Le Roy Hodge* for defendant.

ZELLER, J. Alleging that the sounds which emanate from the defendant's cement block manufacturing plant are offensive and sleep-preventing, the plaintiff seeks damages and an injunction prohibiting the operation of the plant between 6:00 P.M. and 8:00 A.M.

For twenty-five years the plaintiff has owned and occupied a combination hotel and residence in the hamlet of Randallsville, Madison County, New York. The first floor contains tap room, public dining room, and kitchen and the second floor has sleeping accommodations for the plaintiff, her husband and occasional guests. Three hundred feet away and separated from it by the New York, Ontario and Western Railroad tracks is the defendant's plant, constructed in 1946 and first operated in 1947. Other buildings within 750 feet of the plant consist of the Saunder farmhouse, Izzard's residence, and Becher's residence. In 1947, the defendant's plant was operated from 7:00 A.M. to 6:00 P.M., in the summer of 1948 from 4:00 A.M. to 6:00 P.M. and during part of 1949 from 5:00 A.M. to 2:00 A.M. the next morning. The noise due to the operation is of such a character as to interrupt and disturb the sleep of the plaintiff, her husband, and the near neighbors.

No one may make an unreasonable use of his own premises to the material injury of his neighbor's premises, and if he does the latter has a right of action even if he is not driven from his dwelling, provided the enjoyment of life and property is materially lessened. (*Bohan* v. *Port Jervis Gas-Light Co.,* 122 N. Y. 18; *Bly* v. *Edison Elec. Illuminating Co.,* 172 N. Y. 1.)

Whether the use of property to carry on a lawful business which creates smoke, noxious gases, noise, or which is offensive

to neighbors, amounts to a nuisance depends upon the facts of each particular case. Location, priority of occupation, and the fact that the injury is only occasional are not conclusive, but are to be considered in connection with all the other facts. If it is found that the use is unreasonable, a nuisance is established and the complainant is entitled to relief. (*McCarty* v. *Natural Carbonic Gas Co.*, 189 N. Y. 40.)

Whereas noise is an inevitable incident to urban life, peace and quiet should be a concomitant of rural life. By common consent, night is devoted to rest and sleep. Noise which would not constitute a nuisance in the daytime, will be declared such if made during the hours usually devoted by the inhabitants of the neighborhood to sleep. (*Horne* v. *Mt. Vernon Die Casting Corp.*, 181 Misc. 758, mod. 267 App. Div. 671.) Noise of such character as to produce actual physical discomfort and annoyance to a person of ordinary sensibilities is a nuisance, even though it is caused by conducting a trade or a business. (*Dillon* v. *Cortland Baking Co.*, 224 App. Div. 303; *Russell* v. *Nostrand Athletic Club*, 212 App. Div. 543, mod. 240 N. Y. 681; *Masso* v. *Hanscom Realty Corp.*, 254 App. Div. 756; *People* v. *Rubenfeld*, 254 N. Y. 245, 248.)

As evidence of the character and intensity of the sounds emitted from the defendant's plant the plaintiff offered in evidence a wire recording of the sounds heard in the plaintiff's bedroom one night at 2:00 A. M. in the summer of 1949. The witness upon whose machine the recording was made testified he attended to the mechanical operation of the machine at the time of recording, that the wire spool had been in his possession since the recording, that he "played it back" prior to the trial, that it accurately reproduced the sounds he heard and that those sounds came from the plant. The introduction of this evidence was objected to by the defendant.

If relevant, motion pictures of an original event are admissible in evidence after a proper foundation for their introduction has been laid. (*Boyarsky* v. *Zimmerman Corp.*, 240 App. Div. 361.) No persuasive reason exists why the reproduction of the sounds of an original event if material and when a proper foundation has been laid should not be admissible. The wire recording was admitted in evidence and "played back" during the trial upon the same machine upon which it was recorded. It amply substantiated the testimony of the witnesses who described the annoying and noisome sounds coming from the defendant's plant during the nighttime.

Although only a few persons are disturbed by the nighttime operation of defendant's plant and although the plaintiff does not close her taproom until 1:00 A.M. nevertheless the defendant should not be permitted to shatter the quiet of this rural neighborhood for twenty-one hours of the twenty-four. Such use of its property is unreasonable. It materially lessens the enjoyment of life and property of its neighbors.

Burning of soft coal, playing of bands during the nighttime, maintenance of an artificially constructed dam which gave off noxious odors, blasting, expansion of an undertaking business, noise in connection with operating a bakery during the nighttime, and playing of dance music after midnight have been held unreasonable interferences with neighboring premises and prohibited as nuisances. (*McCarty* v. *Natural Carbonic Gas Co.,* 189 N. Y. 40, *supra; People* v. *Rubenfeld,* 254 N. Y. 245, 248, *supra; Adams* v. *Popham,* 76 N. Y. 410; *Jones* v. *Chapel Hill,* 273 App. Div. 510; *Dillon* v. *Cortland Baking Co.,* 224 App. Div. 303, *supra*; *Peters* v. *Moses,* 171 Misc. 441.)

Some result should be reached which will approximately balance the rights of the parties. The defendant should be prohibited from operating its plant during the hours of 11:00 P.M. to 7:00 A.M.

The plaintiff introduced testimony to prove the value of her property before the factory started to operate and the lessened value at present. This is no proper proof of any monetary loss she might have sustained because of the operation of the plant during unreasonable hours. Consequently, no damages are awarded. (*Horne* v. *Mt. Vernon Die Casting Corp.,* 267 App. Div. 671, *supra*.)