WILLIAM C. KLING, Appellant, *v.* CORNING NEWS COMPANY et al., Respondents.

Practice — nonsuit — findings of fact unnecessary.

Where a nonsuit is granted there should be no findings of fact as upon a determination on the merits. (Code Civ. Pro. § 1021.)
*Kling* v. *Corning News Co.*, 140 App. Div. 919, reversed.

(Argued April 18, 1913; decided April 29, 1913.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered November 4, 1910, modifying and affirming as modified a judgment in favor of defendants entered upon a dismissal of the complaint by the court at a Trial Term.

This action was brought to obtain an adjudication that certain shares of the capital stock of the defendant are the property of the plaintiff.

*James O. Sebring* for appellant. The disposition of the action made by the court should be treated as a nonsuit and not as a decision. (*Veazey* v. *Allen*, 173 N. Y. 359; *Raabe* v. *Squier*, 148 N. Y. 81; *Forbes* v. *Chichester*, 125 N. Y. 769; *Woodbridge* v. *First Nat. Bank*, 163 N. Y. 238; *Keyes* v. *Smith*, 183 N. Y. 373.)

*Isaac Josephson* and *Julius D. Tobias* for respondents. Although the judgment does not expressly purport to be a judgment dismissing the complaint upon the merits, the court would have been justified in rendering such a judgment upon the merits. (*Neuberger* v. *Keim*, 134 N. Y. 36; *Woodburger* v. *First Nat. Bank*, 166 N. Y. 238; *Keyes* v. *Smith*, 183 N. Y. 376.)

GRAY, J. There must be a reversal of the judgment appealed from. The action was brought to trial before the court, at a Special Term, and, when the plaintiff rested his case, the defendants moved for a nonsuit and the dismissal of the complaint, upon the ground of the failure to prove a cause of action, without announcing that they rested. The motion was granted and the plaintiff duly excepted. At a subsequent time, the trial judge, formally, made and filed findings of fact, upon which he concluded, as matters of law, that the plaintiff had failed to prove the cause of action set forth in the

complaint, or any cause of action, and that the complaint should be dismissed. Judgment was entered thereupon, dismissing the complaint against all the defendants. On appeal to the Appellate Division, the judgment was, unanimously, affirmed. The plaintiff filed no exceptions to the finding of the court; but, disregarding them, appealed from the judgment and, also, from an order, which had denied his motion to correct the judgment, so as to make it appear that a nonsuit had been granted, and which had directed the entry of "the findings and decision." The trial court erred. What the court did was to nonsuit the plaintiff and he was entitled to have its action so considered. There should have been no findings of fact as upon a determination on the merits, but, only, such as should direct a judgment as upon a nonsuit. (Code Civ. Pro. § 1021.) While on the record the plaintiff's claim appears to be without great merit, nevertheless, he was entitled to have the judgment roll show that there had been a nonsuit, that the judgment might be reviewed in the light of the inferences most favorable to his case. (See *Place* v. *Hayward,* 117 N. Y. 487; *Raabe* v. *Squier,* 148 id. 81.)

The judgment should be reversed and a new trial ordered; costs to abide the event.

CULLEN, Ch. J., WERNER, HISCOCK, COLLIN, CUDDEBACK and MILLER, JJ., concur.

Judgment reversed, etc.