Jonathan Ring & Son, Inc., Appellant, *v.* Winola Worsted Yarn Company et al., Defendants, and Manufacturers National Bank of Brooklyn, Respondent.

**Practice — judgment — when judgment granted and entered for dismissal of complaint may not be vacated and judgment granted on the merits.**

At the close of the plaintiff's case and without resting, the court granted defendant's motion to dismiss the complaint. Thereafter a judgment was entered by defendant simply dismissing the complaint which it is conceded was not upon the merits. No findings were made or requested by either party. From this judgment an appeal was taken by the plaintiff which was unsuccessful and the judgment was affirmed. After the expiration of nearly three years an order was made at Special Term vacating the existing judgment and remitting the case to the justice before whom the case was originally tried for "formal decision on the issues framed by and tried under the pleadings," and the justice having reached the conclusion that he originally intended to dismiss the case upon the merits, findings were then made and a new and second judgment was entered accomplishing this result, which is the judgment now under review. *Held, first,* that the question whether the original disposition of the action was upon a motion for a nonsuit or upon the merits must be determined by the record of what took place at and after the trial and not by the mere purposes or opinions of those who took part in the trial; *second,* tested in this manner, the final disposition upon the trial was a decision granting the motion to dismiss, and the judgment simply dismissed the complaint with no suggestion of an adjudication upon the merits; *third,* that the powers of the court were expended and exhausted in rendering a judgment of nonsuit which could not subsequently be turned into one upon the merits; *fourth,* the fact that when the case was resubmitted at Special Term for the purpose of making findings, the appellant submitted requests to find does not in anywise amount to a waiver of its right to raise the question now being urged of the validity of the proceedings and of the judgment subsequently entered.

(Argued January 22, 1920; decided February 24, 1920.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered March 27, 1917, affirming a judgment in favor of defendant entered upon a dismissal of the complaint as to the defendant, respondent, by the court on trial at Special Term, bringing up for review an intermediate order vacating a prior judgment and granting other relief.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Sidney J. Loeb* and *Harold R. Lhow* for appellant. The dismissal of the complaint on the merits was erroneous because, if a *prima facie* case was not established, it constituted merely a failure of proof and could not justify a disposition " on the merits." The defendant bank did not rest at the close of plaintiff's case, so that the judgment should have been merely a nonsuit, and no findings or conclusions as to the bank should have been made. (*Berwind-White Mining Co.* v. *Ewart,* 11 Misc. Rep. 490; *Abrams* v. *Manhattan C. B. Co.,* 68 Misc. Rep. 166; 142 App. Div. 392; *Brouwer* v. *Harbeck,* 9 N. Y. 589; *Salt* v. *Ensign,* 79 Hun, 107; *Curtiss* v. *Leavitt,* 15 N. Y. 1; *Matter of Rogers Const. Co.,* 79 App. Div. 419; *New Britain Nat. Bank* v. *Cleveland Co.,* 91 Hun, 447; 158 N. Y. 722; *Paulding* v. *Chrome Steel Co.,* 94 N. Y. 334; *Rasin* v. *Ammidown,* 15 Hun, 422; *Baker* v. *Emerson,* 4 App. Div. 348.)

*Adolph Feldblum* for respondent. The judgment appealed from was on the merits. (*Oakes Co.* v. *City of New York,* 206 N. Y. 221; *Keyes* v. *Smith,* 183 N. Y. 376; *Clark* v. *Scovill,* 198 N. Y. 279; *Deeley* v. *Heintz,* 169 N. Y. 129.)

HISCOCK, Ch. J. At the time of the occurrences involved in this action, the appellant was a large creditor of the defendant Plate and Clark Co. It brought this action to procure a judgment declaring a mortgage made

by that company to the respondent Manufacturers National Bank of Brooklyn void under section 66 of the Stock Corporation Law (Cons. Laws, ch. 59) on the ground that at the time when such mortgage was executed the mortgagor was insolvent or subject to imminent insolvency and intended by such lien to give a preference to the bank.

On the trial at the close of its case appellant's complaint was dismissed. Upon this dismissal at different times respectively two different judgments were entered against it. The first one was a judgment dismissing its complaint as upon a motion for a nonsuit; the second one was entered upon findings and dismissed the action upon the merits. It is this latter judgment, now unanimously affirmed by the Appellate Division, which is before us for review, and inasmuch as the fundamental question is the one whether there was any power to make such a judgment, it will be necessary to review with some detail the occurrences at and after the trial.

At the close of the appellant's case and without resting, wherefrom the inference flows of an intent to present evidence if its motion should be denied, the respondent moved " to dismiss the complaint as to the defendant Manufacturers Bank." The court addressed to plaintiff's counsel the question, " How have you made out any case against the Manufacturers National Bank? " Thereafter followed a long discussion of the question whether plaintiff had produced any evidence to establish certain necessary facts, and finally having announced that in his opinion the plaintiff " had failed to show that the mortgagor at the time of the conveyance was insolvent or that insolvency was imminent " the court granted the motion to dismiss the complaint. Thereafter on the motion of the respondent's attorney a judgment was entered simply dismissing the complaint and which it is now conceded was not upon the merits. No findings were made or

9

requested by either party.   From this judgment an appeal was taken by the plaintiff and upon the resistance of the respondent its appeal was unsuccessful and the judgment was affirmed.

After all of this and after the expiration of nearly three years when certain exigencies apparently required a judgment on the merits, an application was made for an order vacating the judgment which had been entered as " premature and unauthorized by law " and to remit the case to the justice before whom it had been tried for " formal decision of the issues framed by and tried under the complaint herein," the meaning of this being that there should have been a judgment on the merits instead of one of nonsuit.   At a Special Term held by the justice before whom the case was tried this application was denied for lack of power.   On appeal to the Appellate Division, however, it was held that power was not lacking to grant the application, the order was reversed and the motion was remitted to a Special Term held by the said justice to be heard and determined on the merits.   Under this decision an order was made at Special Term vacating the existing judgment and remitting the case to the justice before whom the case was originally tried for " formal decision on the issues framed by and tried under " the pleadings, and the justice having reached the conclusion that he originally intended to dismiss the case upon the merits, findings were then made and a new and second judgment was entered accomplishing this result and which is the judgment now under review.

The appeal presents an unusual aspect of litigation. There is no question of the power of the Supreme Court to correct various errors which may have crept into and affected its proceedings including a judgment, but we think it is going beyond any line heretofore reached to hold that at the expiration of nearly three years upon the application of a party who entered it and sustained it

upon appeal, a judgment of nonsuit may be vacated and another judgment entered upon findings then made dismissing the complaint upon the merits on the ground that there was an intention to have made such latter judgment. However, without conceding that such an unusual course may be properly pursued, we shall nevertheless for the purposes of this appeal assume that there might be circumstances under which all this might be done if an error had really been made. But certainly we cannot assume and we think that no one will gravely argue that, if the original disposition which was made of the case was actually and fundamentally one of nonsuit and not a dismissal upon the merits, the successful party could subsequently get rid of this judgment and secure in its place a second one upon the merits even though there may have been originally some unexecuted purpose upon the part of counsel and court to secure and grant such latter judgment. And another · and second proposition in this connection, which we think is established beyond any debate, is the one that the question whether the original disposition of the action was upon a motion for a nonsuit or upon the merits must be determined by the record of what took place at and after the trial and not by the mere purposes or opinions of those who took part in the trial. When we set out to determine in this method what kind of a disposition it was that was originally made of plaintiff's case, it seems perfectly clear that the dismissal was in the nature of a nonsuit and not upon the merits.

Attention has already been called to the proceedings as shown by the record. The motion was simply to dismiss and not to dismiss on the merits. Pending its decision defendant did not rest but remained in position to offer evidence if a *prima facie* case had been made out. The discussion between court and counsel was palpably of the question whether plaintiff's evidence had established a *prima facie* case against the respondent and not

of the question whether inferences of fact to be drawn from the evidence entitled respondent to a dismissal upon the merits. The final disposition upon the trial was simply a decision granting the motion to dismiss. No findings of fact were made or offered and the judgment in full and strict accordance with all of this simply dismissed the complaint with no suggestion of an adjudication upon the merits.

Of course a judgment dismissing a complaint upon the merits might be founded on the plaintiff's evidence alone, and the failure of the defendant · to rest its case pending a decision of a motion to dismiss the complaint may not be conclusive evidence that the motion is for a nonsuit and not for a disposition upon the merits predicated upon inferences of fact to be drawn from the evidence, but it certainly is very indicative of the nature of the motion. And when this indication is confirmed and strengthened as in this case by the nature of the discussion of the motion, by the form of the decision and of the judgment entered thereon by the moving party, and by his insistence upon affirmance of the judgment of nonsuit on appeal, we think we are justified by all the authorities in holding that the powers of the court were expended and exhausted in rendering a judgment of nonsuit which could not subsequently be turned into one upon the merits.

The cases which are cited below disclose two lines of decisions which are equally antagonistic to the present judgment. Some of them hold that decisions in form and under circumstances not more advantageous for the plaintiff than the one now under review · were those of nonsuit. (*Place* v. *Hayward*, 117 N. Y. 487; *Ware* v. *Dos Passos*, 162 N. Y. 281; *Veazey* v. *Allen,* 173 N. Y. 359; *Kling* v. *Corning News Co.*, 208 N. Y. 334; *Raabe* v. *Squier*, 148 N. Y. 81; *Lindenthal* v. *Germania L. Ins. Co.*, 174 N. Y. 76.) Others in reaching the conclusion that· the particular judgments under review were upon the merits, as a basis for this view stress the circumstance

here significantly absent that the defeated litigant had himself been a party to making findings upon the merits, or that the dismissal of the complaint was expressly placed upon the merits and judgment entered accordingly. (*Oakes Mfg. Co.* v. *City of New York,* 206 N. Y. 221; *Bliven* v. *Robinson,* 152 N. Y. 333; *Neuberger* v. *Keim,* 134 N. Y. 35; *Woodbridge* v. *First Nat. Bank of Saratoga Springs,* 166 N. Y. 238.)

The proposition is so clear that if the judgment of nonsuit originally entered was in accordance with the disposition actually made upon the trial, the case could not subsequently be remitted for a different disposition upon the merits, that no time need be spent in fortifying that proposition by discussion.

Perhaps it is proper briefly to consider the question whether the appellant waived and lost his right to question the validity of the second judgment entered in the case and now before us. It is called to our attention that when the case was resubmitted at Special Term for the purpose of making findings, the appellant submitted requests to find. We do not think, however, that this in anywise amounted to a waiver of his right to raise the question now being urged of the validity of the proceedings and of the judgment subsequently entered. The appellant steadfastly and persistently opposed the application of the respondent to have the first judgment vacated and the case resubmitted at Special Term for further action. The order of the Appellate Division made in spite of its efforts decided that this might be done and this order was not appealable to this court as a matter of right. Under the circumstances having done all that it could do to prevent such action, we think the appellant without prejudice ould do whatever seemed necessary to protect its rights under the law as it then had been laid down by the learned Appellate Division without losing its right subsequently, as it is now doing, to question the propriety and correctness of such disposition.

In accordance with these views, we think that the order of November 10, 1915, vacating the judgment of nonsuit and remitting the case should be reversed and the judgments reversed, with costs in this court and the Appellate Division.

CHASE, HOGAN, CARDOZO, MCLAUGHLIN, CRANE and ELKUS, JJ., concur.

Order reversed, etc.