MEYER KAZANSKY, Respondent, *v.* BARNETT BERGMAN et al., Appellants.

Third Department, May 15, 1957.

*Bernard Wiess* and *Lawrence E. Lagarenne* for appellants. *Morris M. Oppenheim* and *Stephen L. Oppenheim* for respondent.

HALPERN, J. This case presents an interesting question as to the form and content of the decision which the court is required to make, upon dismissing the complaint in an action tried without a jury.

The question arises in an equity action brought by the plaintiff-respondent for an injunction against the maintenance of a dam or dike upon the premises of the defendant-appellant Bergman, which is alleged to have resulted in an excessive flow of water on to the plaintiff's premises. The action was referred to an Official Referee to hear and determine. At the close of the plaintiff's evidence upon the trial before the Referee, the defendants moved to dismiss the complaint. Decision was reserved upon this motion. The defendants then introduced evidence on their behalf and, at the close of all the evidence, they renewed the motion made at the close of the plaintiff's case. The Referee again reserved decision. Thereafter, on December 16, 1955, the Referee handed down the following memorandum: "Defendants' motion made at the end of plaintiff's case and renewed at the end of the entire case to dismiss plaintiff's complaint upon the grounds that the plaintiff has failed to prove the cause of action set forth in the amended complaint or any cause of action, upon which motions I reserved decision, I now grant. Complaint dismissed. Submit findings."

Shortly thereafter, the plaintiff submitted proposed findings pursuant to the direction by the Referee but the Referee did not pass on them, or take any other action, prior to the expiration of his term of office on December 31, 1955.

On March 16, 1956, the defendants caused a judgment to be entered by the Clerk of Sullivan County, dismissing the complaint upon the merits upon the basis of the Official Referee's memorandum.

The plaintiff then moved at Special Term for an order vacating the judgment upon the ground that there was no adequate decision to support it. He took the position that the memorandum could not constitute a decision sufficient to support a judgment on the merits, because it did not contain any findings of fact or a statement of the essential facts, as required by section 440 of the Civil Practice Act. Subdivision 1 of section 470 of the Civil Practice Act makes section 440 applicable to the report of a referee by cross reference. The motion was granted and an order vacating the judgment was entered and from that order the defendants appealed.

The defendants-appellants maintain that the Official Referee's memorandum was an adequate basis for the entry of the judg-

ment. They maintain that the Referee's memorandum constituted a decision granting a nonsuit within the meaning of section 441 of the Civil Practice Act and that no findings of fact were necessary. Section 441 provides that "where a nonsuit is granted, * * * it shall not be necessary for the court to make any finding of fact". While they characterize the dismissal as a nonsuit for the purpose of avoiding the necessity of findings, the appellants nevertheless contend that the dismissal was one on the merits, barring any further action by the plaintiff for the same relief, under section 482 of the Civil Practice Act. Section 482 of the Civil Practice Act, provides that "A dismissal of a complaint or a counterclaim at the close of the plaintiff's or defendant's evidence, as the case may be, or a dismissal of a complaint or counterclaim at the close of the whole evidence, is a final determination of the merits of the cause of action and bars a new action between the same parties or their privies for the same cause of action unless the court shall dismiss without prejudice".

If the term nonsuit is given its traditional meaning, the appellants' argument is self-contradictory. To say that a dismissal of the complaint is a nonsuit but that it is nevertheless a dismissal on the merits is a contradiction in terms. The word nonsuit as used in section 441 of the Civil Practice Act is a term of art which has an historically settled meaning. The pertinent language of section 441 and its predecessor section has remained substantially unchanged since 1895 (Code Civ. Pro., § 1021, as amd. by L. 1895, ch. 946). A nonsuit is a dismissal of the complaint without prejudice to the commencement of a new action for the same relief (*Deeley* v. *Heintz,* 169 N. Y. 129). In this sense, it is the antithesis of a judgment on the merits which bars a new action.

We take it that the appellants' contention really is, not that the dismissal was a nonsuit in the technical or traditional sense, but that it was a dismissal on the merits as a matter of law, and that such a dismissal is proper without any findings of fact. Although conflicting statements may be found in the authorities on this question, we believe that, as an abstract proposition, the latter contention is a sound one. We defer for the moment the question of whether it is applicable to this case.

It is true that the only exception to the requirement of findings, which is expressly mentioned in sections 440 and 441 of the Civil Practice Act, is the case of a nonsuit, but the whole requirement of findings is applicable only to cases in which a determination of the facts is essential to the decision. Section

440 (as rev. by L. 1936, ch. 915) provides that the decision of the court "must state the facts which it deems essential". But if the court decides to dismiss the complaint as a matter of law, no determination of the facts is "essential" to the decision (*Scheuer* v. *Scheuer,* 308 N. Y. 447).

As the Court of Appeals said in the *Scheuer* case at page 453, per FULD, J.: "In the case before us, however, no version of the evidence, no matter how favorable to plaintiff, could give rise to * * * [a cause of action]. Whether the facts were as asserted by plaintiff or as testified to by defendant, cannot, therefore, be regarded as 'essential' to decision".

The position of the court in granting a motion to dismiss the complaint as a matter of law is that, even if the view of the evidence most favorable to the plaintiff is taken and even if he is given the benefit of all reasonable inferences from the evidence, he still has failed to establish a cause of action. In this situation, there is no occasion for the making of findings of fact; findings of fact are not only unnecessary but inappropriate, if indeed not improper (*McNulty* v. *Offerman,* 141 App. Div. 730).

If any so-called findings were made upon a dismissal as a matter of law, they could not resolve any disputed questions of fact; the so-called findings could, at most, consist of a statement by the court of its view as to the most favorable inferences, from the standpoint of the plaintiff, which could possibly be drawn from the evidence. There is no provision in the present practice for findings of that character. The term findings as used in the Civil Practice Act refers to the determination of questions of fact, not to a statement by the court of the various inferences which could possibly be drawn from the evidence.

Even before the Legislature revised section 440 of the Civil Practice Act in 1936, so as to provide that only the facts which the court deemed essential to the decision need be stated, it had been held for more than 30 years that no findings of fact were essential to a dismissal of the complaint as a matter of law. Under section 440 of the Civil Practice Act as it read prior to the 1936 revision, formal findings of fact were required but they were required only "upon the trial of the whole issues of fact" (Civ. Prac. Act, § 440, as adopted by L. 1920, ch. 925). This language had been derived from section 1022 of the Code of Civil Procedure, as amended by chapter 85 of the Laws of 1903. Under this provision, it was held in *Kagan* v. *Avallone* (243 App. Div. 437, 442) that: " Only where the decision is 'upon the trial of the whole issues of fact' is the court required in an action tried without a jury separately to

state the facts found and the conclusions of law. * * * Consequently, where there is no determination of the facts but the complaint is dismissed upon a question of law'', the court may direct the entry of judgment of dismissal without making any findings of fact.

The same result was reached in other cases upon the ground that section 1021 of the Code of Civil Procedure as amended by chapter 946 of the Laws of 1895 (now Civ. Prac. Act, § 441) provided that no findings of fact were required ''where a nonsuit is granted''. It was held, under this provision, that no findings of fact were required if the complaint was dismissed at the close of the plaintiff's case or at the close of the whole case, as a matter of law (*Kling* v. *Corning News Co.*, 208 N. Y. 334).

However, prior to the adoption of section 482 of the Civil Practice Act in 1920 (L. 1920, ch. 925), a dismissal of the complaint on questions of law would ordinarily be a dismissal without prejudice and the plaintiff would be free to bring a new action for the same relief. This was the rule established by section 1209 of the Code of Civil Procedure (L. 1876, ch. 448, as amd. by L. 1877, ch. 416). That section provided that ''A final judgment, dismissing the complaint, either before or after a trial, rendered in an action hereafter commenced, does not prevent a new action for the same cause of action, unless it expressly declares, or it appears by the judgment-roll, that it is rendered upon the merits''. As Commissioner Throop stated in his notes, the law prior to 1876 was in confusion and it was the purpose of the code section to settle the conflict and to establish the rule that a judgment of dismissal was not a judgment on the merits (see Throop's notes to the Code of Civil Procedure, § 1209, pp. 507–508). Under the code, a dismissal on the law alone, for failure to prove a cause of action was not a dismissal on the merits (*Ring* v. *Winola Worsted Yarn Co.*, 228 N. Y. 127; *Kagan* v. *Avallone, supra,* p. 441).

It thus appears that a dismissal of the complaint as a matter of law was, in effect, a nonsuit and was not a dismissal on the merits under the practice as it existed until 1920. As has already been pointed out, there was no need or occasion to make findings of fact in such a case. This gave rise to the idea, often repeated in the cases and texts, that a judgment in a nonjury case entered without findings was necessarily a nonsuit and that there could not be a judgment on the merits without findings. This statement was an acceptable one, so long as the rule prevailed that a dismissal as a matter of law was not on the merits. But when, in 1920, the Civil Practice

Act was adopted and a dismissal on the law after the close of the plaintiff's case was made a dismissal on the merits (in the absence of an express direction to the contrary), the statement that a judgment on the merits could not be entered without findings became an erroneous one. Under the new practice, initiated by section 482 of the Civil Practice Act, a judgment of dismissal may be entered on the merits, without any findings of fact, if the dismissal is based solely on questions of law (*Scheuer* v. *Scheuer,* 308 N. Y. 447, *supra*).

It may well be that when the Legislature revised section 440 in 1936 and inserted the clause ''except where a nonsuit is granted'' in the provision requiring a statement of the facts deemed essential, the Legislature intended to refer not only to a technical nonsuit but also to a dismissal on the merits on the law alone. Colloquially, the term nonsuit is often used in this way. However, the term nonsuit, as a word of art, had acquired the fixed meaning of a dismissal without prejudice. In view of the historical encrustations upon the term nonsuit, it would perhaps be better not to attempt to stretch it to cover the case of a dismissal on the merits on the law but to state directly that, under the Civil Practice Act, a judgment of dismissal may be entered without findings either when it is a mere nonsuit or when it is a judgment on the merits on the law only. Under the Civil Practice Act a judgment of dismissal on the merits may be one of two kinds: (1) a judgment based upon the resolution of disputed questions of fact, in which case findings of fact or a statement of the facts deemed essential to the decision are required; (2) a judgment based upon a dismissal as a matter of law, in which case no resolution of any disputed questions of fact is essential to the decision and hence the court is not required to state any facts deemed essential or to make any findings of fact.

The judgment of dismissal on the merits entered by the appellants in this case was therefore a proper one, if it can fairly be found (1) that the Official Referee intended to dismiss the plaintiff's complaint on the law only, without deciding any controverted questions of fact, and (2) that he intended the memorandum which he handed down to serve as the decision upon which judgment was to be entered, without any further action on his part. Our conclusion is against the appellants on both these points. First of all, the motion to dismiss was not granted at the close of the plaintiff's case but was granted at the end of the whole case (cf. 4 Carmody on New York Practice, § 1350, p. 3123 and cases there cited). This indicated that the Referee had given consideration to the evi-

dence introduced by the defendants-appellants as well as that introduced by the plaintiff. While this did not foreclose the possibility that the Referee might have intended to decide the case on questions of law only, it made it much less likely that that was the case. In any event, the question of the Referee's intention was settled by his express direction that findings of fact should be submitted. Unless the direction was due to inadvertence or error, and there is no reason to assume that it was, it conclusively demonstrates that the Referee had decided the case not only upon the law but also upon the facts and that the dismissal of the complaint was, at least in part, based upon a resolution of controversies of fact. The direction to submit findings has the additional significance that it indicated the Offical Referee did not intend to have the memorandum serve as a report or decision (Civ. Prac. Act, § 470). This direction made it clear that the Referee contemplated the preparation of a formal decision before the entry of judgment. The memorandum contains no direction to enter judgment thereon. Under the circumstances, no judgment could properly be entered on the basis of the memorandum (cf. *Metropolitan Life Ins. Co.* v. *Union Trust Co.,* 294 N. Y. 254).

Although our reasons are to some extent different from those given by the Special Term, we thus come to the same conclusion as that which it reached. The judgment entered upon the Referee's memorandum was properly vacated.

The order should be affirmed, without costs.

FOSTER, P. J., BERGAN, COON and GIBSON, JJ., concur.

Order affirmed, without costs.