■ BRADFORD B. BROUGHTON, Appellant, v FREDERICK V. DONA et al., Respondents.—Appeal from (1) orders of the Supreme Court at Special Term, entered September 2, 1977 and September 8, 1977 in St. Lawrence County, which dismissed the complaint as against all of the defendants except defendant, Frederick V. Dona, Jr., and (2) the judgments entered thereon. On December 3, 1975, the plaintiff, who was the owner of a $10,000 Mutual Life Insurance Company policy, was solicited by defendant Dona, an agent of Mutual Life Insurance Company, to apply for a new $35,000 life insurance policy. Dona allegedly represented that the premium on the new $35,000 policy would be $300 annually. Plaintiff signed an application which stated that the premium would be $1,519.70 although plaintiff claims that this figure was not entered on the application at the time he signed it. Dona persuaded plaintiff to sign a blank loan agreement to be used against the cash surrender value of plaintiff's $10,000 policy. The loan agreement was processed by Dona for $3,444, representing a payment for two annual premiums on the $35,000 policy. Plaintiff alleges that it was not until he received his new policy that he learned the annual premium for the policy would be $1,519.70 and that the loan against his original policy was in the amount of $3,444. Plaintiff thereafter commenced this action based on fraud and conspiracy to commit fraud. Defendants Camp, Bivona, Johnson and Blakeslee were sued as individuals although Camp was the general manager of the Syracuse regional office of the Mutual Life Insurance Company of New York, Bivona, the assistant manager, Johnson, an assistant vice-president of the sales department and Blakeslee, a vice-president and general counsel for Mutual Life. It was alleged that said defendants were involved in a conspiracy with Dona to defraud the plaintiff in connection with the $35,000 life insurance policy. Plaintiff admittedly joined the Mutual Life Insurance Company of New York as a party defendant only in order that the court may issue orders to it to grant plaintiff his full relief. By way of relief plaintiff is in essence seeking that Mutual Life Insurance Company of New York be forced to issue him a $35,000 life insurance policy at an annual cost to him of $300 with the individual defendants being required to pay the difference necessary to cover the normal cost of the premium. Defendants moved to dismiss the complaint pursuant to CPLR 3211 (subd [a], pars 5, 7) and plaintiff cross-moved pursuant to CPLR 2215 for an order pursuant to article 15 of the Judiciary Law and section 213 of the Insurance Law to strike the defendants' motion and for summary judgment pursuant to CPLR 3211. Special Term dismissed the complaint with respect to all the defendants except Dona and denied all plaintiff's cross motions. This appeal ensued. Initially, we would note that in plaintiff's notice of appeal the name of defendant Johnson was omitted and consequently plaintiff has made a motion in this court seeking leave to amend the notice of appeal by adding thereto Johnson's name. The omission was apparently due to a typographical error and in our view no prejudice would result if Johnson's name were added to the notice of appeal. Therefore, plaintiff's motion for leave to amend the notice of appeal should be granted (CPLR 2001). Regarding dismissal of the complaint against defendants Camp, Bivona, Johnson and Blakeslee, this court has recently restated the rule in this department that when a motion concerning whether or not a complaint states a cause of action has been made and affidavits and/or matters extrinsic to the pleadings are submitted by the parties, the issue becomes whether or not a plaintiff has a cause of action (*Wolcott v Broughton,* 57 AD2d 1022). Upon careful consideration of the affidavits and exhibits submitted in support of

and in opposition to the motion to dismiss it is clear that these defendants were in no way involved in a conspiracy to deceive or defraud plaintiff. There was no attempt to cover up the incorrect calculations stated by Dona to appellant. In fact, these defendants admitted the incorrectness of the calculations and offered plaintiff the option of rescinding the entire transaction and having his first policy returned to the status it would have had absent any borrowing. Accordingly, it is the opinion of this court that plaintiff has no cause of action against defendants Camp, Bivona, Johnson and Blakeslee and Special Term properly dismissed the complaint as to them. Mutual Life Insurance Company of New York cannot be required to issue a $35,000 policy to plaintiff at an annual cost to him of $300, as such would be a violation of section 209 of the Insurance Law. Consequently, the complaint was also properly dismissed as against it. The orders and judgments, therefore, should be affirmed. Orders and judgments affirmed, without costs. Sweeney, J. P., Staley, Jr., Larkin, Mikoll and Herlihy, JJ., concur.