■ BRADFORD B. BROUGHTON, Appellant, v FREDERICK V. DONA, JR., Respondent, et al., Defendants. — Appeal from a resettled order of the Supreme Court in favor of defendant Frederick V. Dona, Jr., entered July 2, 1982 in St. Lawrence County, upon a dismissal of the complaint by the court at Trial Term (Shea, J.), at the close of the entire case. ¶ This action was brought initially against defendant Frederick V. Dona, Jr. (a life insurance agent), the Mutual Life Insurance Company of New York (MONY), and various officers and employees of MONY, for fraud and conspiracy to commit fraud in connection with the 1976 issuance of a policy insuring plaintiff's life in the sum of $35,000. Plaintiff alleged that Dona had represented to him that, by using the interest on the cash value of an earlier MONY policy and future annual dividends, the annual premiums on the new policy would only be $300. Plaintiff allegedly later discovered, however, that not only would the premiums on the new policy be in excess of $300, but also that any reduction in premiums under the proposed arrangement would entail borrowing against the cash value of his existing policy. The relief demanded in the complaint was that a $35,000 policy be issued to him at an annual cost of $300, with the individual defendants being required to pay the difference necessary to cover the actual cost of the premium. MONY had offered to rescind the entire transaction and restore plaintiff to his original position with the prior policy. Previously, plaintiff's claims against MONY and its officers and employees were dismissed. On appeal, we affirmed (*Broughton v Dona,* 63 AD2d 1101, app dsmd 46 NY2d 1013, mot for lv to app den 47 NY2d 709). Plaintiff's remaining cause of action against Dona came on for jury trial and, at the close of all the evidence, Trial Term dismissed the complaint for failure of proof. This appeal by plaintiff ensued. ¶ Plaintiff attacks the dismissal of his action on both

procedural and substantive grounds. His first argument is that Trial Term should be reversed because of the absence of findings of fact to support its decision (citing CPLR 4213, subd [b]). This contention is unavailing. The record clearly establishes that the basis of the dismissal was that plaintiff failed to prove a prima facie case. Since the decision was made as a matter of law without resolution of any disputed issues of fact, the trial court was not required to state findings (*Kazansky v Bergman*, 4 AD2d 79, 85). ¶ Substantively, plaintiff urges that he had established a prima facie case under two alternative bases of liability, one statutory, the other common law. He claims to have proved that, in selling him the replacement policy, Dona violated the disclosure requirements of section 127 of the Insurance Law and its accompanying regulations (11 NYCRR 51.4). Even if such a violation occurred however, this would not entitle plaintiff to the relief he sought in this action, namely, specific performance of the promise to convert his previous policy to one of more than three times its face value for an annual premium of only $300. Section 127 provides specific civil and criminal penalties for an insurance agent's violation of its provisions (Insurance Law, § 127, subd 4). No provision was included for the relief plaintiff seeks. Where, as here, legislation has created new rights and obligations, the statutory remedy is deemed exclusive (*Drinkhouse v Parka Corp.*, 3 NY2d 82, 88; *City of Rochester v Campbell*, 123 NY 405). There is nothing in the statute or its history to indicate that the Legislature intended otherwise. ¶ Alternatively, plaintiff urges that he was entitled to recover on a common-law theory of breach of implied warranty of authority, in that Dona impliedly warranted that he could bind MONY to the terms of the policy he promised, and should, therefore, be liable to plaintiff for the benefits of that promise. This argument fails for two reasons. First, an agent can only be held liable for such damages if the contract would have been enforceable against his principal but for the agent's lack of authority (*Baltzen v Nicolay*, 53 NY 467, 470; Restatement, Agency 2d, § 329, Comment *j*). In view of our previous holding in this case that the policy terms Dona allegedly promised could not be enforced against MONY because to do so would violate section 209 of the Insurance Law (*Broughton v Dona*, 63 AD2d 1101, 1102, *supra*), those same terms are unenforceable against Dona. Second, an agent may only be liable to a third person for breach of implied warranty of authority if his lack of authority was not manifested to that person (Restatement, Agency 2d, §§ 329, 331). Here, the application Dona had plaintiff sign stated in bold-faced type at the top of its first page that it was "subject to approval by the Company's Home Office". Plaintiff was thus clearly put on notice of Dona's lack of authority to bind MONY and, for this reason also, may not recover for a breach of the warranty of authority (see *Duncan v Peninger*, 624 F2d 486, 490, cert den 449 US 1078). ¶ Order affirmed, with costs. Main, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.