■ UNIBELL ANESTHESIA, P. C., Respondent, v GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, Appellant. [682 NYS2d 193] —Judgment, Supreme Court, New York County (Lewis Friedman, J.), entered October 30, 1997, which, upon a jury verdict in plaintiff's favor, awarded plaintiff $746,000 in compensatory damages and $250,000 in punitive damages, as well as a statutory penalty of $805,719 pursuant to Insurance Law § 4226 (d), plus interest, costs and disbursements, for a total amount of $2,176,152.56, and bringing up for review an order of the same court and Justice, entered October 23, 1997, *inter alia,* denying defendant's motion to set aside the verdict on the ground that the court lacked subject matter jurisdiction or as against the weight of the evidence, unanimously affirmed, with costs.

The jury's finding in plaintiff's favor on its causes of action for constructive fraud, negligent misrepresentation, unjust enrichment and violation of Insurance Law § 4226 was amply supported by the evidence showing that misrepresentations

and omissions by defendant insurance company had induced plaintiff to pay exorbitant premiums for its group health coverage for policy years 1991 and 1992. The proof also supported the jury's awards of damages, both the punitive and compensatory, in the above amounts.

In addition to challenging the verdict as against the weight of the evidence, defendant contends that the subject action is preempted by the Federal Employee Retirement Income Security Act ([ERISA] 29 USC § 1001 *et seq.*). However, even if it were appropriate to disregard defendant's failure to raise the preemption issue as a defense in its answer or in its pretrial motions, defendant's preemption claim would still fail since defendant, at the time of the misrepresentations upon which plaintiff's fraud claim is premised, was merely engaged in the sale of additional insurance—an activity plainly subject to State regulation, ERISA notwithstanding—and not acting in the capacity of an ERISA claims fiduciary (*see, John Hancock Mut. Life Ins. Co. v Harris Trust & Sav. Bank,* 510 US 86, 99-100; *Metropolitan Life Ins. Co. v Massachusetts,* 471 US 724, 727-730).

We have considered defendant's remaining arguments and find them to be unpersuasive. Concur—Lerner, P. J., Wallach, Tom and Andrias, JJ.