■ EMMA BRENKUS, Appellant-Respondent, v METROPOLITAN LIFE INSURANCE COMPANY et al., Respondents-Appellants. [765 NYS2d 80] —Appeal and cross appeals from an order of Supreme Court, Erie County (Makowski, J.), entered March 5, 2002, which, inter alia, granted in part defendants' motions for summary judgment and dismissed the first and fourth causes of action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting those parts of defendants' motions with respect to the third cause of action, for negligence, and dismissing that cause of action and granting those parts of defendants' motions with respect to the second cause of action to the extent that it alleges the violation of Insurance Law §§ 2123 and 4226 as a predicate for recovery of generalized tort damages and equitable reformation of the life insurance policies and dismissing that cause of action to that extent and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action alleging that, in applying for and obtaining replacement life insurance policies, she and her late husband (decedent) were injured by a course of deceptive and otherwise unlawful conduct by defendants, Metropolitan Life Insurance Company (MetLife) and its authorized agent, Brian M. Lorenc. Plaintiff alleges that she applied for coverage in the amount of $1 million and decedent applied for coverage in the amount of $2 million; that, in completing the applications after she and decedent had signed them, Lorenc in fact applied for only $500,000 in coverage for each of them; that Lorenc subsequently reassured them that corrected policies showing the greater coverage would be forthcoming; that they consequently allowed their former coverage to lapse; and that decedent subsequently died with only $500,000 in coverage. Plaintiff seeks various measures of compensatory damages and/or reformation of the new policies, plus punitive damages and counsel fees.

With respect to plaintiff's appeal, we conclude that Supreme Court properly granted those parts of defendants' motions for summary judgment dismissing the first cause of action alleging the violation of various provisions of 11 NYCRR part 51, known as Regulation 60. Those provisions may not be read as creating a private right of action in favor of an insured to recover damages in tort, nor do they support a right to reformation of the policies.

The court further properly granted those parts of defendants' motions for summary judgment dismissing the fourth cause of action, for fraud. On this record, as a matter of law, plaintiff cannot establish the essential elements of actual and reasonable reliance on the alleged misrepresentation in ignorance of its falsity (*see Brown v Lockwood,* 76 AD2d 721, 730 [1980]; *see also Berner v Moore Bus. Forms,* 204 AD2d 1072 [1994]; *Meese v Miller,* 79 AD2d 237, 240-242 [1981]; *Chase Manhattan Bank v Perla,* 65 AD2d 207, 209-211 [1978]). The record establishes

that, from January 1997 on, plaintiff and decedent were on actual notice that the death benefit or face value of each insurance policy was $500,000. The deposition testimony of plaintiff and her son establishes that plaintiff and decedent knew that each policy was in the amount of $500,000 and were motivated by such knowledge to engage in their ensuing discussions with Lorenc and other representatives of MetLife. The premiums being paid by plaintiff and decedent on the new policies corresponded with the cost of universal life insurance policies in the amount of $500,000, and they continued paying monthly premiums on those new policies with knowledge of their face value. Further, the deposition testimony of plaintiff and her son establishes that, upon obtaining the newly issued policies from MetLife and noting the coverage, plaintiff and decedent kept in force for several months a $1 million policy on decedent's life previously issued by another insurance company. Plaintiff's son told plaintiff to keep that policy in force in order to "play it safe." Plaintiff herself testified that she continued to pay the premiums on that policy because she "didn't want [it to] lapse and the other one [i.e., the new MetLife policy] to not be in effect." Finally, the application for "Reissue" of decedent's MetLife policy recited that the policy had an "Initial" or "Face Amount of Insurance" of $500,000, and further recited that decedent was seeking "a New Policy" (never issued) providing for $2 million in coverage. We conclude that the established facts concerning the knowledge of plaintiff and decedent with respect to the nature and consequences of the transaction are fatal to the cause of action for fraud and entitle defendants to judgment as a matter of law dismissing that cause of action.

With respect to defendants' cross appeals, we conclude that the court erred in denying those parts of defendants' motions for summary judgment dismissing the third cause of action, which alleges defendants' liability for negligence based on the violation of the standards of due care set forth in Regulation 60 and Insurance Law §§ 2123 and 4226. As stated by the Court of Appeals in an analogous context, "[T]he provisions of the Insurance Law are properly viewed as measures regulating the insurer's performance of its contractual obligations, as an adjunct to the contract, not as a legislative imposition of a separate duty of reasonable care * * *. * * * [Thus, the statutory provisions] cannot be construed to impose a tort duty of care flowing to the insured separate and apart from the insurance contract" (*New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 317-318 [1995]). We therefore modify the order by granting those parts of defendants' motions with respect to the third cause of action, for negligence, and dismissing that cause of action.

We further conclude that the court should have granted those parts of defendants' motions for summary judgment dismissing the second cause of action to the extent that it alleges the violation of Insurance Law §§ 2123 and 4226 as a predicate for recovery of generalized tort damages and equitable reformation of the policies, and thus we further modify the order accordingly. Those statutes respectively authorize an insured to recover from the agent a "civil penalty" equal to the amount of the agent's "compensation or commission" (§ 2123 [d]) and to recover from the insurer the amount of "any premium or other compensation" paid (§ 4226 [d]; *see Unibell Anesthesia v Guardian Life Ins. Co. of Am.,* 256 AD2d 252, 253 [1998], *lv dismissed in part and denied in part* 93 NY2d 918 [1999], *cert denied* 528 US 930 [1999]; *Matter of Empire Blue Cross & Blue Shield Customer Litig.,* 164 Misc 2d 350, 360-361 [1994], *affd sub nom. Minihane v Weissman,* 226 AD2d 152 [1996]; *New England Mut. Life Ins. Co. v Kelly,* 113 AD2d 285, 286-287 [1985]; *see generally Goldberg v Manufacturers Life Ins. Co.,* 242 AD2d 175, 178 [1998], *lv dismissed in part and denied in part* 92 NY2d 1000 [1998]; *Broughton v Dona,* 101 AD2d 897, 898 [1984] [addressing Insurance Law former § 127, now § 2123], *appeal dismissed* 63 NY2d 769 [1984]; *Buccino v Continental Assur. Co.,* 578 F Supp 1518, 1526 [1983] [addressing Insurance Law former §§ 127 and 211, now §§ 2123 and 4226]). The second cause of action is thus viable to the extent that plaintiff seeks "[d]amages in an amount equal to the difference between the premiums paid by [plaintiff and decedent] for coverage with MetLife, and the $1,500 monthly premium which was represented to them as being the premium for coverage with MetLife." Such recovery of premiums paid on the new policies is expressly authorized as a civil penalty for the violation of the insurer's statutory duties (*see* § 4226 [d]; *Unibell Anesthesia,* 256 AD2d at 252-253). However, the second cause of action must be dismissed to the extent that it alleges the violation of Insurance Law §§ 2123 and 4226 as a predicate for recovery of generalized tort damages and equitable reformation of the policies (*see generally Broughton,* 101 AD2d at 898).

Finally, we conclude that the court properly denied those parts of defendants' motions for summary judgment dismissing the fifth cause of action, which alleges the violation of General Business Law § 349. There are triable issues of fact concerning whether defendants' conduct was consumer-oriented, whether it was likely to mislead a reasonable consumer acting reasonably under the circumstances, and whether plaintiff was injured as a result of the allegedly deceptive act (*see Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank,* 85

NY2d 20, 25-26 [1995]; *see generally Stutman v Chemical Bank,* 95 NY2d 24, 29 [2000]). Present—Wisner, J.P., Hurlbutt, Kehoe and Lawton, JJ.