[807 NE2d 864, 775 NYS2d 753]

In the Matter of SILVAN TAGLIAFERRI, Doing Business as CASTLE HILL HOMES, Respondent, v CHARLES G. WEILER et al., Constituting the Board of Zoning Appeals of the Incorporated Village of Hempstead, et al., Appellants.

Decided February 12, 2004

**APPEARANCES OF COUNSEL**

*C. Robinson, Thompson & Associates, LLP*, New York City (*Michael L. Moriello* of counsel), for appellants.

*Minerva & D'Agostino, P.C.*, Valley Stream (*Dominick M. Minerva* of counsel), for respondent.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be reversed, with costs, and the matter remitted to that Court for further proceedings consistent with this memorandum.

CPLR 2001 provides that, "[a]t any stage of an action," absent prejudice of a "substantial right of a party," the court shall disregard a "mistake, omission, defect or irregularity." The attorneys for the Village of Hempstead Board of Zoning Appeals, its members, and the Village (collectively, Village respondents) recited in the text of the notice of appeal that the law firm was appealing; however, in the final signature section the notice of appeal listed the firm name and was signed by a firm attorney as "Attorneys for Respondents-Appellants." In accordance with CPLR 2001, the Appellate Division should have disregarded the clerical error in the text of the notice of appeal and treated the appeal as taken by the Village respondents (*see e.g. Broughton v Dona*, 63 AD2d 1101, 1101 [1978], *lv denied* 47 NY2d 709 [1979]). Further, the Village respondents timely served and filed the notice of appeal. Petitioner indisputably understood that the Village respondents, and not their law firm, were the intended appellants. Accordingly, no substantial right of petitioner has been or will be prejudiced if the appeal goes forward (*see Bracken v Niagara Frontier Transp. Auth.*, 251 AD2d 1068, 1069 [1998]).

The Appellate Division's reliance on *Scopelliti v Town of New Castle* (92 NY2d 944 [1998]) is misplaced. There, the Appellate Division affirmed a Supreme Court order dismissing plaintiff's complaint and imposed sanctions on plaintiff's attorney (*see Scopelliti v Town of New Castle*, 243 AD2d 701 [1997]). Plaintiff's motion to this Court addressed both the dismissal of his complaint and the sanctions award against his attorney. Because plaintiff was the only named movant in the notice of motion and nothing in the notice of motion or the supporting papers indicated that anyone other than plaintiff was seeking leave to appeal, the Court dismissed, for lack of aggrievement, that portion of plaintiff's motion which sought leave to appeal from the imposition of sanctions against his attorney (*Scopelliti*, 92 NY2d at 945). In contrast, the notice of appeal here ambiguously referred to the law firm both as the appellant and as at-

torneys for the "Respondents-Appellants." Moreover, apart from its representation of the Village respondents, the law firm had no apparent—or alleged—interest in the Supreme Court order granting the petition.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, ROSENBLATT, GRAFFEO, READ and R.S. SMITH concur in memorandum.

On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, etc.