◼ Robin Levenherz et al., Respondents, v Lee Povinelli et al., Defendants, and Keyport Benefit Life Insurance Company, Appellant. [789 NYS2d 294]—

In an action, inter alia, to rescind an annuity contract and to recover damages for fraud, the defendant Keyport Benefit Life Insurance Company appeals from an order of the Supreme Court, Westchester County (Barone, J.), dated October 31, 2003, which denied its motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiffs' causes of action against the defendant Keyport Benefit Life Insurance Company (hereinafter Keyport) allege that Keyport failed to "maintain and enforce a reasonably adequate system of internal supervision and control over" the codefendant Povinelli and that fraudulent misrepresentations were made by Povinelli to induce the plaintiff Miriam Levenherz to purchase the annuity contract from Keyport. Keyport moved to dismiss those causes of action pursuant to CPLR 3211 (a) (1) based upon "documentary evidence" consisting of the annuity contract, and CPLR 3211 (a) (7) based upon the plaintiffs' failure to state a cause of action against it.

The plaintiff Miriam Levenherz submitted an affidavit in opposition claiming that she was led to believe that the codefendant Povinelli was acting as an agent for Keyport by its brochure which she annexed as an exhibit. The brochure from Keyport stated that "we form enlightened partnerships with

our distributors, affiliates and suppliers." She further alleged that Povinelli made misrepresentations to induce her to enter into the annuity contract and she was not provided with a copy of the contract until over a year after it was executed.

The plaintiffs stated causes of action against Keyport for which relief may be granted (see CPC Intl. v McKesson Corp., 70 NY2d 268 [1987]; Brenkus v Metropolitan Life Ins. Co., 309 AD2d 1260 [2003]). Accordingly, Keyport's motion to dismiss was properly denied. Goldstein, J.P., Luciano, Rivera and Fisher, JJ., concur.