■ Jojo Day et al., Appellants, v Syosset Central School District et al., Defendants, and Town of Oyster Bay, Respondent. [963 NYS2d 320]—

In an action, inter alia, to recover damages for personal injuries, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Brandveen, J.), entered December 14, 2011, as granted that branch of the motion of the defendant Town of Oyster Bay which was pursuant to CPLR 8106, 8303-a and 22 NYCRR 130-1.1 for an award of costs and an attorney's fee, and to impose sanctions against the plaintiffs' attorney, to the extent of directing that a hearing be held to determine the amount of costs, the attorney's fee, and sanctions to be paid by the plaintiffs' attorney.

Ordered that the appeal is dismissed, with costs.

The notice of appeal was filed only in the name of the plaintiffs, and recites that the plaintiffs are appealing from an order which, in part, awarded relief against them. The appeal,

however, is limited, by the plaintiffs' brief, to the issue of whether the Supreme Court erred in awarding relief against the plaintiffs' attorney. The plaintiffs are thus not aggrieved by the portion of the order that is the subject of this limited appeal. Furthermore, under the circumstances of this case, we cannot appropriately deem the notice of appeal filed in the name of the plaintiffs to be a notice of appeal by their attorney (*see Scopelliti v Town of New Castle*, 92 NY2d 944 [1998]; *cf. Matter of Tagliaferri v Weiler*, 1 NY3d 605 [2004]). Although CPLR 2001 authorizes a court, in the absence of prejudice, to disregard a "mistake, omission, defect, or irregularity," we cannot conclude that there was no prejudice here. The notice of appeal recites that the appeal is from "each and every part" of the Supreme Court's order, and that order awarded relief against the plaintiffs, as well as relief against their attorney. Therefore, it would not be readily apparent to the respondent from the notice of appeal that the plaintiffs' attorney was the actual intended appellant. Accordingly, the appeal must be dismissed (*see* CPLR 5511; *Scopelliti v Town of New Castle*, 92 NY2d 944 [1998]; *Vigo v 501 Second St. Holding Corp.*, 100 AD3d 872 [2012]; *Yaroslav v Maltman*, 10 AD3d 653 [2004]; *Joseph v Iannace*, 6 AD3d 502 [2004]; *cf. Matter of Tagliaferri v Weiler*, 1 NY3d 605 [2004]). Mastro, J.P., Austin, Roman and Cohen, JJ., concur.