■ ROSEANN CILENTE, as Trustee of the ALFONSO N. FIGLIOLIA FAMILY TRUST, et al., Appellants-Respondents, v PHOENIX LIFE INSURANCE COMPANY et al., Respondents-Appellants, et al., Defendant. [21 NYS3d 236]—

Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered January 9, 2014, which, insofar as ap-

pealed from as limited by the briefs, denied plaintiffs' motion for summary judgment on their claims alleging violations of Insurance Law §§ 2123 and 4226, granted so much of the cross motions of defendants Phoenix Life Insurance Company (Phoenix) and Winston Nesfield and Nesfield & Associates (collectively Nesfield) for summary judgment dismissing plaintiffs' claims alleging fraud and fraudulent inducement, and denied so much of the cross motions of Nesfield and Phoenix for summary judgment dismissing the Insurance Law §§ 2123 and 4226 causes of action, unanimously modified, on the law, to grant the cross motions to the extent of dismissing the Insurance Law §§ 2123 and 4226 claims, and otherwise affirmed, with costs to plaintiffs. The Clerk is directed to enter judgment dismissing the complaint in its entirety.

Plaintiff Alfonso N. Figliolia, as part of his estate planning, sought to secure a life insurance policy that would pay his estate taxes. He obtained and placed in his Family Trust a $15 million life insurance policy from Phoenix; Nesfield was his broker. Because of the high amount of the annual premium, Figliolia sought to create a premium financing program, which he ultimately did through defendant A.I. Credit Corp.

The cash value of this policy, however, did not accrue at a sufficient enough pace to keep the policy afloat. One of the consequences of this was that A.I. Credit began to seek additional pledges of collateral to support the premium financing program. After making additional pledges of collateral, Figliolia approached Nesfield and Phoenix in an effort to restructure the policies so he would not have to pledge additional collateral. These discussions resulted in a reduction in the face amount of the policy and the purchase of a second policy, also financed by A.I. Credit.

While this restructuring worked briefly, the cash value of the second policy again did not accumulate at a sufficient rate to keep the financing plan afloat. The essential problem with both policies was that the interest earned on the cash value did not offset the interest being charged as part of the financing program. Faced with additional collateral calls, Figliolia decided to default and this litigation ensued.

Summary judgment dismissing the fraud-based claims was properly granted. The alleged fraud was based on representations made in documents that were provided to plaintiffs after plaintiffs purchased the initial policy with Phoenix and executed the financing agreement. There is no evidence in the record indicating that the terms of the policy and financing agreement were not disclosed to plaintiffs, including the

potential need for additional collateral to support the financing program (see *Orlando v Kukielka,* 40 AD3d 829, 831-832 [2d Dept 2007]).

Dismissal of the Insurance Law claims is also warranted. According to plaintiffs, in preparation of the second policy, Nesfield and Phoenix failed to comply with Insurance Law §§ 2123 and 4226 and their attendant regulations (see 11 NYCRR 51.1 *et seq.*). The alleged noncompliance arises from the failure of Nesfield and Phoenix to provide the proper Disclosure Statements pertaining to the partial replacement of the first policy with the second, a requirement mandated by statute and regulations.

Although the subject statutes provide a private right of action for an aggrieved person in instances where an insurer or broker knowingly violates any provision of the section or regulations (see e.g. *Brenkus v Metropolitan Life Ins. Co.,* 309 AD2d 1260, 1263 [4th Dept 2003]), here, Phoenix and Nesfield have established that their failure to provide this disclosure was inadvertent and not knowing, and plaintiffs have not raised a triable issue concerning their knowledge of the noncompliance with the statutes.

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Tom, J.P., Sweeny, Renwick and Manzanet-Daniels, JJ.