Empire LLC v Sharapov (2021 NY Slip Op 01320)





Empire LLC v Sharapov


2021 NY Slip Op 01320


Decided on March 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 04, 2021

Before: Renwick, J.P., Kennedy, Scarpulla, Shulman, JJ. 


Index No. 151039/18 Appeal No. 13280N Case No. 2020-01874 

[*1]Empire LLC, Plaintiff-Respondent,
v
Zakhar Sharapov, Defendant-Appellant.


Petroff Amshen LLP, Brooklyn (Serge F. Petroff of counsel), for appellant.
Borah, Goldstein, Altschuler, Nahins & Goidel, P.C., New York (Paul N. Gruber of counsel), for respondent.



Order, Supreme Court, New York County (Kathryn E. Freed, J.), entered January 31, 2020, which granted plaintiff's motion for leave to reargue and, upon reargument, granted plaintiff's motion to conform the pleadings to the proof of damages and for summary judgment in that amount on its claim against defendant guarantor, unanimously affirmed, with costs.
Contrary to plaintiff's contention, the mistake in defendant's notice of appeal does not render the notice of appeal ineffective, but is a mere clerical error that in no way confused or prejudiced plaintiff and shall be disregarded (Matter of Tagliaferri v Weiler, 1 NY3d 605, 606 [2004]; CPLR 2001).
In deciding plaintiff's initial motion for summary judgment, the court determined that plaintiff landlord was only entitled to recover damages, including base rent, due through the date of the tenant's eviction. The court properly granted plaintiff leave to reargue, as it had overlooked the specific language of the guaranty and case law interpreting such language (CPLR 2221[d]). On reargument, the court properly determined that the guaranty provided that defendant would be absolved of liability for obligations under the guaranty only upon, inter alia, a valid surrender. Because there was no written surrender in compliance with the lease, or compliance with the terms of the guaranty concerning surrender, there was no valid surrender, and defendant was liable for the remainder of the rent, additional rent, late fees and interest up to the date preceding the re-lease of the premises (see Lexington Ave. & 42nd St. Corp. v Pepper, 221 AD2d 273 [1st Dept 1995]; 274 Madison Co. LLC v Tru Legacy Partners, 2019 NY Slip Op 31666[U] [Sup Ct, NY County June 11, 2019]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 4, 2021