Wyckoff Hgts. Med. Ctr. v Olivier (2025 NY Slip Op 06753)

Wyckoff Hgts. Med. Ctr. v Olivier

2025 NY Slip Op 06753

Decided on December 3, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 3, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
WILLIAM G. FORD
LILLIAN WAN
JAMES P. MCCORMACK, JJ.

2021-08514
 (Index No. 526152/18)

[*1]Wyckoff Heights Medical Center, appellant,
v
Wendy-Ann Michelle Olivier, respondent, et al., defendant.

Siri & Glimstad LLP, New York, NY (Mason A. Barney and Sonal Jain of counsel), for appellant.
D. Reeves Carter, Brooklyn, NY, for respondent.

DECISION & ORDER
In an action, inter alia, for declaratory relief, the plaintiff appeals from an undated order of the Supreme Court, Kings County (Larry D. Martin, J.). The order, insofar as appealed from, granted that branch of the motion of the defendant Wendy-Ann Michelle Olivier which was for summary judgment, in effect, declaring that the plaintiff is not entitled to receive certain funds on the ground that distribution of the funds to the defendant Wendy-Ann Michelle Olivier would constitute unjust enrichment.
ORDERED that on the Court's own motion, the notice of appeal is deemed to be a notice of appeal by the plaintiff (see CPLR 2001; Matter of Tagliaferri v Weiler, 1 NY3d 605, 606); and it is further,
ORDERED that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that the plaintiff is not entitled to receive certain funds on the ground that distribution of the funds to the defendant Wendy-Ann Michelle Olivier would constitute unjust enrichment.
The plaintiff is a medical practice in Brooklyn that employed the defendant Wendy-Ann Michelle Olivier as a physician pursuant to an employment agreement dated June 8, 2016. Pursuant to the employment agreement, the plaintiff procured, and paid the premiums for, a professional liability insurance policy for Olivier from the defendant MLMIC Insurance Company (hereinafter MLMIC). Olivier was named as the insured of the policy, and the plaintiff was named as the policy administrator.
MLMIC subsequently converted from a mutual insurance company to a stock insurance company. MLMIC's state-approved conversion plan provided that eligible MLMIC policyholders, or their designees, would receive cash consideration in exchange for the extinguishment of the policyholder's membership interest (see generally Insurance Law § 7307[e][3]).
The plaintiff commenced this action, inter alia, for a judgment declaring that it is [*2]entitled to receive Olivier's share of the cash consideration due under the conversion plan on the grounds that distribution of the cash consideration to her would constitute a breach of her employment agreement and unjust enrichment. Olivier moved, among other things, for summary judgment, in effect, declaring that the plaintiff is not entitled to receive Olivier's share of the cash consideration on the ground that distribution of the cash consideration to her would constitute unjust enrichment. In an undated order, the Supreme Court, inter alia, granted that branch of Olivier's motion. The plaintiff appeals.
"[W]hen an employer pays premiums to a mutual insurance company to obtain a policy of which its employee is the policyholder, and the insurance company demutualizes, absent contrary terms in the contract of employment, insurance policy, or separate agreement, the policyholder is entitled to the proceeds from the demutualization" (Columbia Mem. Hosp. v Hinds, 38 NY3d 253, 276-277; see Maple Med., LLP v Scott, 191 AD3d 81, 93, affd sub nom. Columbia Mem. Hosp. v Hinds, 38 NY3d 253). Here, the conversion plan expressly defined policyholder as the person identified on the declarations page of the policy as the insured, which, here, was Olivier. Since Olivier was the policyholder and did not assign her rights to the cash consideration to the plaintiff, she was entitled to those funds (see Columbia Mem. Hosp. v Hinds, 38 NY3d at 276-277; Wyckoff Imaging Servs., P.C. v Blutreich, 228 AD3d 990, 991; Benoit v Jamaica Anesthesiologist, P.C., 207 AD3d 429, 430).
Accordingly, the Supreme Court properly granted that branch of Olivier's motion which was for summary judgment, in effect, declaring that the plaintiff is not entitled to receive Olivier's share of the cash consideration on the ground that distribution of the cash consideration to her would constitute unjust enrichment.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that the plaintiff is not entitled to receive Olivier's share of the cash consideration on the ground that distribution of the cash consideration to her would constitute unjust enrichment (see Lanza v Wagner, 11 NY2d 317, 334).
GENOVESI, J.P., FORD, WAN and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court